**2024-1135, -1178**

# United States Court of Appeals for the Federal Circuit

DASSO INTERNATIONAL, INC.,

*Plaintiff-Appellee,*

EASOON USA, LLC,

*Plaintiff-Cross-Appellant,*

– v. –

MOSO NORTH AMERICA, INC., MOSO INTERNATIONAL BV,

*Defendants-Appellants,*

BRETT KELLY, MARK CLIFTON, DAVID S. OSTERMAN,
aka Steve Osterman,

*Defendants-Appellees.*

*On Appeal from the United States District Court for the District of Delaware in No. 1:17-cv-01574-MFK, Judge Matthew F. Kennelly*

## BRIEF FOR PLAINTIFF-APPELLEE AND PLAINTIFF-CROSS-APPELLANT

GERARD M. O'ROURKE
SEAN T. O'KELLY
O'KELLY & O'ROURKE, LLC
824 North Market Street, Suite 1001A
Wilmington, Delaware 19801
(302) 778-4000
gorourke@okorlaw.com
sokelly@okorlaw.com

*Counsel for Plaintiff-Appellee and Plaintiff-Cross-Appellant*

MARCH 11, 2024



## <u>UNITED STATES PATENT 8,709,578 CLAIMS 1 & 8</u>

1. A bamboo scrimber comprising:

   a plurality of pressure-pressed bamboo strips impregnated with an adhesive and modified through heat-treatment so that at least a part of hemicelluloses in said bamboo strips is pyrolysized, wherein each of said bamboo strips is formed with a plurality of slots penetrating through said bamboo strip substantially in a direction of thickness defined by said bamboo strip and a substantially longitudinal direction defined by said slots is substantially consistent with a substantially longitudinal direction defined by fibers of said bamboo strip.

8. A method of manufacturing a bamboo scrimber comprising steps of:

   preparing bamboo strips from bamboo;

   forming a plurality of slots in each of the prepared bamboo strips penetrating through the bamboo strip substantially in a direction of thickness defined by the bamboo strip and a substantially longitudinal direction defined by the slots is substantially consistent with a substantially longitudinal direction defined by fibers of the bamboo strip;

   modifying the formed bamboo strips through heat-treatment so that at least a part of hemicelluloses in said bamboo strips is pyrolysized;

   impregnating the modified bamboo strips into an adhesive;

   drying the impregnated bamboo strips; and

   pressure-pressing the dried bamboo strips in a mold until the adhesive is cured so as to form the bamboo scrimber.

## <u>CERTIFICATE OF INTEREST</u>

Counsel for Plaintiff-Appellee Dasso International, Inc., and Plaintiff-Appellee and Cross-Appellant Easoon USA, LLC, certifies the following:

1.  Provide the full names of all entities represented by undersigned counsel in this case.

**Dasso International, Inc. and Easoon USA, LLC.**

2.  Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.

**Not applicable.**

3.  Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities

**Easoon USA, LLC is a wholly owned subsidiary of Hong Kong Easoon Wood Technology Co., Ltd. Dasso International, Inc., has no parent corporation.**

4.  List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

**O'Kelly & Ernst, LLC and O'Kelly, Ernst & Joyce, LLC; Thomas H. Kramer; Richards, Layton & Finger, PA; Jeffrey L. Moyer; Daniel P.**

**Murray; Kelly E. Farnan; Mills & Hoopes, LLC; Scott R. Hoopes;**

**O'Rourke Law Office, LLC.**

5.  Provide the case titles and numbers of any case known to be pending in this court or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal. Do not include the originating case number(s) for this case. Fed. Cir. R. 47.4(a)(5). See also Fed. Cir. R. 47.5(b).

***Easoon USA, LLC v. Brett Kelly, Mark Clifton, and David Osterman*, Appeal No. 23-2997, U.S. Court of Appeals for the Third Circuit.**

6.  Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

**Not applicable.**

March 11, 2024                              */s/ Gerard M. O'Rourke*
                                            Gerard M. O'Rourke (No. 3265)

# TABLE OF CONTENTS

**Page**

CERTIFICATE OF INTEREST ................................................................i

TABLE OF CONTENTS.................................................................... iii

TABLE OF AUTHORITIES ...............................................................v

I.     STATEMENT OF RELATED CASES........................................1

II.    JURISDICTIONAL STATEMENT .........................................2

    A.     The District Court's Jurisdiction .........................................2

    B.     The Basis For This Court's Jurisdiction................................2

    C.     The Timeliness of the Appeal and the Cross-Appeal ...........2

    D.     This Appeal and Cross-Appeal Are From A Final Order .................3

III.   STATEMENT OF THE ISSUES PRESENTED FOR REVIEW .................3

IV.    STATEMENT OF THE CASE .........................................5

    A.     Procedural History.................................................5

    B.     Background Of The Patented Technology............................8

    C.     The District Court's Claim Construction .............................9

    D.     MOSO's Arguments At Trial ......................................12

    E.     Easoon's Exclusive License ......................................12

    F.     Damages Evidence On The State Law Claims ...................14

    G.     Jury Polling.......................................................15

    H.     Issues As To Which MOSO Has Not Appealed .................16

    I.     MOSO's Deceptive Trade Practices Act and Defamation Claims.......................................................17

    J.     The District Court's Enhancement Of Damages Under § 284 ...........19

    K.     The District Court's Denial Of Easoon's "Exceptional Case" Motion .......................................................19

V.     SUMMARY OF THE ARGUMENT........................................20

A.    MOSO's Appeal ...................................................................20

B.    Easoon's Cross Appeal.........................................................25

VI.    ARGUMENT...................................................................................29

A.    The Standard of Review .......................................................30

B.    MOSO Has Waived Its Claim Construction Arguments On Appeal.................................................................................33

C.    The District Court's Claim Construction Is Correct ...........34

D.    MOSO Has Not Demonstrated Clear Error In the District Court's Evaluation of Extrinsic Evidence.............................36

E.    MOSO Has Not Articulated "Prejudice" ...............................38

F.    Easoon's Exclusive License Is Not Unenforceable For Patent Misuse.................................................................................39

    1.    MOSO Has Waived Its Patent Misuse Defense ......................40

    2.    MOSO's Patent Misuse Defense Is Meritless ..........................42

G.    Substantial Evidence Supports The Jury's Damages Award On Easoon's Tortious Interference Claim.............................43

H.    There Was No Reversible Error In Jury Polling .................45

I.    MOSO's DDTPA  and Defamation Claims Were Preempted...........46

J.    MOSO Failed To Prove Damages On Its Defamation Claim.............47

K.    The District Court Abused Its Discretion Under 35 U.S.C. § 284......51

L.    The District Court Abused Its Discretion Under 35 U.S.C. § 285......52

VII.    CONCLUSION.................................................................................53

# TABLE OF AUTHORITIES

**Page(s)**

**Cases:**

*Adams Respiratory Therapeutics, Inc. v. Perrigo Co.*,
    616 F.3d 1283 (Fed. Cir. 2010)....................................................38

*Akzo Nobel Coatings Inc., v. Dow Chem. Co.*,
    811 F.3d 1334 (Fed. Cir. 2016)....................................................34

*Amazon.com, Inc. v. Barnesandnoble.com, Inc.*,
    239 F.3d 1343 (Fed. Cir. 2001)....................................................35

*Ameritox, LTD. v. Aegis Servs. Corp.*,
    2008 U.S. Dist. LEXIS 88445 (S.D. Fla. July 9, 2008) ..............40

*Bäcker v. Palisades Growth Capital II, L.P.*,
    246 A.3d 81 (Del. 2021) ........................................................32, 48

*Bayer CropScience AG v. Dow AgroSciences LLC*,
    851 F.3d 1302 (Fed. Cir. 2017)....................................................33

*Beard Research Inc., v. Kates*,
    8 A.3d 573 (Del. Ch. 2010) ..........................................................44

*Bishop v. Act-O-Lane Gas Serv. Co.*,
    85 S.E.2d 169 (Ga. 1954) .............................................................43

*Brulotte v. Thys Co.*,
    379 U.S. 29 (1964)..........................................................22, 39, 42

*C.R. Bard. Inc. v. M3 Sys., Inc.*,
    157 F.3d 1340 (Fed. Cir. 1998)....................................................30

*Charpentier v. Godsil*,
    937 F.2d 859 (3d Cir. 1991).........................................................41

*CMI, Inc. v. Intoximeters, Inc.*,
    918 F. Supp. 1068 (W.D. Ky. 1995) ............................................49

*Computer Aid, Inc. v. Hewlett-Packard Co.*,
    56 F. Supp. 2d 526 (E.D. Pa. 1999)..............................................49

*Digital-Vending Servs. Int'l, LLC v. Univ. of Phoenix, Inc.*,
    672 F.3d 1270 (Fed. Cir. 2012)....................................................33

*Dominant Semiconductors Sdn. Bhd. v. OSRAM GmbH*,
    524 F.3d 1254 (Fed. Cir. 2008) ........................................................ 31, 46-47

*Ecolab Inc. v. Paraclipse, Inc.*,
    285 F.3d 1362 (Fed. Cir. 2002) ...................................................... 39

*Goodman v. Pennsylvania Turnpike Comm'n*,
    293 F.3d 655 (3d Cir. 2002) .......................................................... 32

*Gov't of the Virgin Islands v. Hercules*,
    875 F.2d 414 (3d Cir. 1989) .......................................................... 45

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
    136 S. Ct. 1923, 195 L. Ed. 2d 278 (2016) ................................... 32

*Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*,
    572 U.S. 559, 134 S. Ct. 1744, 188 L. Ed. 2d 829 (2014) ........... 32

*Hunter-Douglas, Inc. v. Harmonic Design, Inc.*,
    153 F.3d 1318 (Fed. Cir. 1998) .................................................. 31, 47

*Hybritech Inc. v. Monoclonal Antibodies, Inc.*,
    802 F.2d 1367 (Fed. Cir. 1986) .................................................. 36

*In re Rembrandt Techs. LP Pat. Litig.*,
    899 F.3d 1254 (Fed. Cir. 2018) ........................................... 32-33, 52

*Info-Hold, Inc. v. Applied Media Techs. Corp.*,
    783 F.3d 1262 (Fed. Cir. 2015) .................................................. 30

*Ira Green, Inc. v. Military Sales & Serv. Co.*,
    775 F.3d 12 (1st Cir. 2014) ........................................................ 31, 45

*Kaufman v. Microsoft Corp.*,
    34 F.4th 1360 (Fed. Cir. 2022) .............................. 21, 33, 34, 35

*Kelly v. Matlack, Inc.*,
    903 F.2d 978 (3d Cir. 1990) .......................................................... 31

*Kimble v. Marvel Entm't, LLC*,
    576 U.S. 446 (2015) ............................................................... 22, 42

*Le v. Univ. of Pa.*,
    321 F.3d 403 (3d Cir. 2003) .......................................................... 31

*McDonough Power Equip. v. Greenwood*,
    464 U.S. 548 (1984) ................................................................... 46

vi

*Nagle v. Alspach,*
    8 F.3d 141 (3d Cir. 1993) .........................................................24, 45

*O2 Micro Int'l, Ltd. v. Beyond Innovation Technology Co.,*
    521 F.3d 1351 (Fed. Cir. 2008) .........................................................34

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.,*
    572 U.S. 545 (2014)..............................................................20, 29, 52

*Phillips v. AWH Corp.,*
    415 F.3d 1303 (Fed. Cir. 2005).........................................................37

*Power Integrations, Inc. v. Fairchild Semiconductor Int'l., Inc.,*
    711 F.3d 1348 (Fed. Cir. 2013) .........................................................37

*Power MOSFET Techs., L.L.C. v. Siemens AG,*
    378 F.3d 1396  (Fed. Cir. 2004) .........................................................34

*Preston Hollow Capital LLC v. Nuveen LLC,*
    2022 Del. Super. LEXIS 264 (Del. Super. Ct. June 14, 2022) ......................49

*Read Corp. v. Portec, Inc.,*
    970 F.2d 816 (Fed. Cir. 1992).........................................................19

*Rocci v. Macdonald-Cartier,*
    323 N.J. Super. 18 (N.J. Super. Ct. July 6, 1999).........................................................50

*Sage Prods., Inc. v. Devon Indus., Inc.,*
    126 F.3d 1420 (Fed. Cir. 1997).........................................................30

*Seachange Int'l, Inc. v. C-COR Inc.,*
    413 F.3d 1361 (Fed. Cir. 2005).........................................................39

*Securities and Exchange Comm'n v. Sargent,*
    66 F.4th 11 (1st Cir. 2023) .........................................................46

*Simmons v. Napier,*
    626 F. App'x 129 (6th Cir. 2015).........................................................31, 45

*Starceski v. Westinghouse Elec. Corp.,*
    54 F.3d 1089 (3d Cir. 1995).........................................................31

*Synygy Inc. v. Scott-Levin,*
    51 F. Supp. 2d 570 (E.D. Pa. 1999) .........................................................50

*Teva Pharms. USA, Inc. v. Sandoz, Inc.,*
    135 S. Ct. 831, 190 L. Ed. 2d 719 (2015).........................................................30, 36

*U.S. Philips Corp. v. Int'l Trade Comm'n*,
    424 F.3d 1179 (Fed. Cir. 2005) ............................................................... 40-41

*Vitronics Corp. v. Conceptronic Inc.*,
    90 F.3d 1576 (Fed. Cir. 1996) ....................................................................38

*Ward v. Zelikovsky*,
    136 N.J. 516, 643 A.2d 972 (1994) ............................................................50

*Weinar v. Rollform Inc.*,
    744 F.2d 797 (Fed. Cir. 1984) ....................................................................39

*Williams v. Runyon*,
    130 F.3d 568 (3d Cir. 1997) ...........................................................18, 27, 32, 48

*Windsurfing Intern. Inc. v. AMF, Inc.*,
    782 F.2d 995 (Fed. Cir. 1986) ....................................................................41

*Zenith Electronics Corp. v. Exzec, Inc.*,
    182 F.3d 1340 (Fed. Cir. 1999) .............................................................31, 47

## Statutes & Other Authorities:

28 U.S.C. § 1291 ...............................................................................................2

28 U.S.C. § 1331 ...............................................................................................2

28 U.S.C. § 1338(a) ..........................................................................................2

28 U.S.C. § 1367(a) ..........................................................................................2

35 U.S.C. § 271 .................................................................................................2

35 U.S.C. § 271(a) ...........................................................................................47

35 U.S.C. § 282 ........................................................................................*passim*

35 U.S.C. § 282(b)(1) ......................................................................................40

35 U.S.C. § 282(b)(4) ......................................................................................40

35 U.S.C. § 283 .................................................................................................8

35 U.S.C. § 284 ........................................................................................*passim*

35 U.S.C. § 285 ........................................................................................*passim*

35 U.S.C. § 295 ...........................................................................................6, 16

Fed. R. App. P. 4(a)(1)(A) ...............................................................................2

Fed. R. App. P. 4(a)(3) ................................................. 2

Fed. R. App. P. 28(a)(4) ............................................... 2

Fed. R. App. P. 28(a)(5) ............................................... 3

Fed. R. App. P. 28(a)(6) ............................................... 5

Fed. R. App. P. 28(a)(8) .............................................. 29

Fed. R. App. P. 28(a)(8)(B) .......................................... 30

Fed. R. Civ. P. 8(c) ............................................. *passim*

Fed. R. Civ. P. 48(c) ................................................ 45

Fed. R. Civ. P. 50(a) ................................................ 27

Fed. R. Civ. P. 50(b) ................................................ 27

Fed. R. Civ. P. 56 ............................................... 28, 51

Fed. R. Civ. P. 61 ................................................... 46

# I.    STATEMENT OF RELATED CASES

There is one related case pending before the United States Court of Appeals for the Third Circuit.  That case is captioned *Easoon USA, LLC v. Brett Kelly, Mark Clifton, and David Osterman*, Appeal No. 23-2997.  The District Court consolidated the case from which the instant appeal arises (1:17-cv-1574)("the 1574 Action") with case number 1:19-cv-564 ("the 564 Action").  The 564 Action contained state law claims brought by Easoon USA, LLC, against the three named individual defendants.  Those claims arose under Georgia law.  The named individual defendants appealed that case to the Third Circuit.

Appellants MOSO North America, Inc., and MOSO International BV (collectively "MOSO") assert in their opening brief that the individual defendants were erroneously named as cross-appellants by Easoon USA, LLC, in Easoon's cross-appeal in this matter.  Easoon believes that is incorrect.  The as-filed Notice of Cross-Appeal by Easoon only identifies the 1574 case in the caption and the two MOSO entities as the Defendants.  D.I. 493.[1]  There is no mention of the individual defendants (Brett Kelly, Mark Clifton, and David S. Osterman a/k/a/ Steve Osterman) in the notice of cross-appeal.

---

[1] Citations to the Docket Items in the District Court are listed as "D.I. _."  Citations to the Appendix filed in this appeal are listed as "Appx __."

## II.    JURISDICTIONAL STATEMENT

Pursuant to Fed. R. App. P. 28(a)(4), Appellees Dasso International, Inc., ("Dasso") and Easoon, USA, LLC ("Easoon") and cross-appellant Easoon provide the following jurisdictional statement.

### A.    The District Court's Jurisdiction

The District Court had subject matter jurisdiction over Dasso's and Easoon's Complaint pursuant to 35 U.S.C. § 271 *et seq.* as well as 28 U.S.C. §§ 1331 and 1338(a) because the Complaint asserted a claim for patent infringement.  The District Court had supplemental jurisdiction over the state law claims in Dasso's and Easoon's Complaint under 28 U.S.C. § 1367(a).

### B.    The Basis For This Court's Jurisdiction

This Court has jurisdiction over the present appeal pursuant to 28 U.S.C. § 1291. The District Court's Amended Judgment entered on October 4, 2023, constitutes a final decision because it resolved all claims between the parties.  D.I. 475.

### C.    The Timeliness of the Appeal and the Cross-Appeal

MOSO filed its Notice of Appeal on November 3, 2023.  D.I. 478. This is within 30 days after the entry of the District Court's Amended Judgment on October 4, 2023.  As a result, the appeal was timely filed pursuant to Fed. R. App. P. 4(a)(1)(A). Easoon filed its notice of cross-appeal on November 17, 2023.  D.I. 493.  As a result, the cross-appeal was timely filed pursuant to Fed. R. App. P. 4(a)(3).

D.   This Appeal and Cross-Appeal Are From A Final Order

This appeal and cross-appeal stem from an Amended Judgment entered on October 4, 2023, after the District Court's decision on post-trial motions.  D.I. 475. As a result, this appeal is from a final order.

## III.   STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

Pursuant to Fed. R. App. P. 28(a)(5), Appellees Dasso and Easoon and Cross-Appellant Easoon identify the following issues for review:

1.  Whether MOSO waived its claim construction arguments on appeal by failing to seek clarification of the District Court's claim construction.

2.  Whether MOSO waived its claim construction arguments in this appeal by advocating for a different construction on appeal than the construction MOSO asserted before the District Court.

3.  Whether the District Court's claim construction is correct.

4.  Whether MOSO has failed to articulate "prejudice" necessary to overturn the District Court's judgment if the District Court erred in its claim construction.

5.  Whether Easoon's exclusive license to the patent-in-suit is unenforceable for alleged "patent misuse."

6.  Whether MOSO waived its unenforceability argument as to Easoon's exclusive license by failing to plead misuse as a defense in its operative pleading in violation of 35 U.S.C. § 282 and Fed. R. Civ. P. 8(c) and not raising the defense until its JMOL motion at trial.

7.  Whether substantial evidence supports the jury's damages award on Easoon's asserted tortious interference with prospective economic advantage claim.

8.  Whether there are independent grounds to affirm the District Court's judgment on the tortious interference claim based on MOSO's failure to appeal the judgment as to Easoon's claim for aiding and abetting breach of fiduciary duty.

9.  Whether this Court should decline to address MOSO's appeal on the tortious interference claim if the Court affirms the judgment as to the claim construction, patent misuse and jury polling issues where MOSO will not alter the relief granted in the judgment if it were to prevail on the tortious interference claim.

10. Whether MOSO waived any request to poll the jury individually.

11. Whether the failure to individually poll the jury constitutes harmless error.

12. Whether the District Court committed *per se* reversible error by polling the jury in the manner it did after the verdict was rendered.

13. Whether the District Court erred in finding that MOSO's Delaware Deceptive Trade Practices Act and defamation claims were not preempted by the United States patent laws.

14. Whether the District Court correctly held that Easoon had waived its argument that the MOSO entities had not proven damages on their defamation claims.

15. Whether the MOSO entities as corporate defamation plaintiffs were required to prove economic loss caused by the alleged defamatory statement to prove damages from alleged "loss of reputation" as a matter of law.

16. Whether the District Court abused its discretion by only enhancing Easoon's damages by 50% pursuant to 35 U.S.C. § 284.

17. Whether the District Court abused its discretion by denying Easoon its attorney's fees pursuant to 35 U.S.C. § 285.

4

## IV.   STATEMENT OF THE CASE

Pursuant to Fed. R. App. P. 28(a)(6), Dasso and Easoon set forth the following statement of the case.

### A.  Procedural History

This is an appeal from a consolidated action involving two separate litigations. The first case is the 1574 action, which is the case involved in this appeal. The 1574 Action is a case brought by Dasso International, Inc., ("Dasso") and Easoon USA, LLC, ("Easoon") against MOSO North America, Inc., and MOSO International BV (collectively "MOSO"). Easoon asserted claims for Patent Infringement of United States Patent 8,709,578 ("the '578 Patent") (Count I); Tortious Interference With Prospective Economic Advantage (Count II); Violation of Delaware's Deceptive Trade Practices Act (Count III); and Aiding and Abetting Breach of Fiduciary Duty (of Defendant Brett Kelly)(Count IV).  (D.I. 25).  Dasso is the owner of the '578 patent.  Easoon is the exclusive licensee of the '578 patent.  Other than joining in the patent claim, Dasso had no substantive role in the case.

MOSO denied the substantive allegations of the Complaint and raised the following affirmative defenses: (1) failure to state a claim for counts I – IV; (2) non-infringement; (3) invalidity; (4) ensnarement; (5) estoppel; (6) patent exhaustion; (7) lack of causation; and (8) lack of fiduciary duty.  D.I. 263.  MOSO also asserted the following counterclaims: (1) declaratory judgment as to non-infringement of the

'578 patent; (2) declaratory judgment of patent exhaustion; (3) declaratory judgment of invalidity of the '578 patent; (4) violation of the Delaware Deceptive Trade Practices Act; (5) tortious interference with prospective economic advantage; (6) libel *per se*; (7) trade libel; and (8) slander *per se* (as to Easoon USA, LLC).  D.I. 263.  Easoon denied the substantive allegations of the Counterclaims.  D.I. 279.

The second case is the 564 Action.  The 564 Action is a case brought by Easoon USA, LLC, ("Easoon") against Brett Kelly ("Kelly"), Mark Clifton ("Clifton"), and Davis S. Osterman, a/k/a/ Steve Osterman ("Osterman")(collectively "Defendants").  The 564 action was filed in the United States District Court for the Northern District of Georgia and transferred to Delaware.  Easoon narrowed the claims it originally asserted to the following for purposes of trial:  Breach of Fiduciary Duty (Count I – as to Brett Kelly); Misappropriation of Trade Secrets (Count IV – as to all Defendants); and Fraud (Count VI – Defendant Brett Kelly).  The Defendants have appealed the 564 Action to the United States Court of Appeal for the Third Circuit.  That appeal is presently pending.

At the summary judgment stage of the litigation, the District Court granted, *inter alia*, Easoon's motion for summary judgment on MOSO's patent exhaustion defense; Easoon's partial motion for summary judgment on MOSO's obviousness defense; and Easoon's motion to impose a presumption of infringement for the asserted method claims pursuant to 35 U.S.C. § 295.  D.I. 316, 322 & 323.

The consolidated case was tried to a jury verdict in a 5-day trial spanning from June 5 – June 9, 2023. The District Court consolidated MOSO's slander *per se* and libel *per se* claims and submitted it to the jury as a defamation claim. The jury returned a unanimous verdict finding that: (1) MOSO's Bamboo X-treme product (the accused product in the litigation) infringed claims 1, 2, and 4 – 7 of the '578 patent; (2) the method of manufacturing Bamboo X-treme infringed claims 8, 9, 10, 13 and 15 of the '578 patent; (3) that no asserted claim was proven invalid by MOSO for alleged obviousness, indefiniteness or lack of enablement; (4) that MOSO's infringement was willful; (5) that Easoon was entitled to lost profit patent damages in the amount of $1,500,000; (6) that MOSO tortiously interfered with Easoon's prospective economic advantage and that Easoon was damaged in the amount of $1,500,000; (7) that MOSO violated the Delaware Deceptive Trade Practices Act; (8) that Messrs. Kelly, Clifton and Osterman misappropriated Easoon's trade secrets and that Easoon was damaged in the amount of $1,500,000; (9) that Mr. Kelly breached his fiduciary duty to Easoon; (10) that MOSO aided and abetted Mr. Kelly's breach of his fiduciary duty; (11) and that Mr. Kelly committed fraud. For items 9 – 11, the jury found that Easoon was damaged in the amount of $1,500,000. D.I. 438.

The jury found that Easoon: (1) did not tortiously interfere with MOSO's prospective economic advantage; (2) violated the Delaware Deceptive Trade

Practices Act; (3) committed defamation; and (4) did not engage in trade libel.  For item 3, the jury awarded MOSO $100,000.  *Id.*

The Court entered judgment on the verdict on June 13, 2023. D.I. 440.  All parties filed post-trial motions.  In the 1574 action, the District Court denied Easoon's and MOSO's post-trial motions challenging the jury's verdict in all respects.  The District Court granted a 50% enhancement of Easoon's damages award pursuant to 35 U.S.C. § 284; denied Easoon's request for an award of attorney's fees pursuant to 35 U.S.C. § 285; awarded Easoon supplemental damages and pre- and post-judgment interest; and granted Easoon's motion for a permanent injunction under 35 U.S.C. § 283.

In the 1574 Action, MOSO filed the instant appeal and Easoon cross-appealed.  As mentioned previously, the individual defendants in the 564 Action appealed that case to the Third Circuit where it is currently pending.

B. <u>Background Of The Patented Technology</u>

The technology of United States Patent 8,709,578 ("the '578 patent") relates to a new and improved bamboo scrimber and methods of manufacturing the scrimber.  Appx211-226.  Bamboo scrimber is an engineered bamboo product that may be used in various applications as a replacement for wood products.  The scrimber made according to the teachings of the '578 patent improved upon prior art bamboo scrimber products in at least two ways.  First, the scrimber was manufactured using

8

bamboo strips that were slotted during the manufacturing process. Appx220-221,'578 patent at col. 2, line 8 – col. 3, line 65. The slotting permitted uniform penetration of adhesives that were used in the manufacturing process. *Id.* at col. 2, line 56 - 65. Second, a heat-treatment step was used in the manufacturing process to pyrolize hemicelluloses that were naturally occurring in the bamboo strips. *Id.* at col. 3, lines 3 – 28. The pyrolysis of the hemicelluloses greatly improved the durability and insect-resistance of the finished scrimber products. *Id.* at col. 3, lines 30 – 35.

The patented scrimber has an especially preferred use in outdoor decking applications because of its durability, strength, insect- and rot-resistance and wood-like appearance. *Id.* at col. 3, lines 30 – 65. The parties manufactured identical products both made pursuant to the teachings of the '578 patent. The primary application for both parties' products is outdoor decking. Easoon markets its product under the tradename "dassoXTR." MOSO marketed its product under the tradename "Bamboo X-treme."

C. The District Court's Claim Construction

The claim construction dispute at issue in this appeal relates to what the parties referred to as the "slots limitation" found in asserted claims 1 and 8 of the '578 patent. Appx225. In claim 1, this limitation provides:

wherein each of said bamboo strips is ***formed with a plurality of slots penetrating through said bamboo strip*** substantially in a direction of thickness defined by said bamboo strip and a substantially longitudinal direction defined by said slots is substantially consistent with a substantially longitudinal direction defined by fibers of said bamboo strip.

'578 patent, claim 1 (emphasis added). In claim 8, this limitation provides:

***forming a plurality of slots in each of the prepared bamboo strips penetrating through the bamboo strip*** substantially in a direction of thickness defined by the bamboo strip and a substantially longitudinal direction defined by the slots is substantially consistent with a substantially longitudinal direction defined by fibers of the bamboo strip

'578 patent, claim 8 (emphasis added). In particular, the dispute between the parties turned on how deeply the slots have to penetrate the bamboo strip. Appx6–11.

Easoon proposed a construction that specified "the slots penetrate beyond the surface of the bamboo strip in a general direction of thickness defined by said bamboo strip." Appx6. Easoon's construction is consistent with the language of the claim (which does not say "completely through" or "entirely through" or any other such phraseology), the specification (including, but not limited to, Figure 1 of the '578 patent) and the prosecution history. In connection with the prosecution history, Easoon's proposed construction took into account a distinction made during prosecution over the Amundson reference (U.S. Patent 4,318,433), which described "incising." Appx1658-64. "Incising" relates to a technique for imparting surface-level scratches on a material to permit the penetration of preservatives into that material. *Id.*

10

In contrast to Easoon's proposed construction, MOSO advanced an extremely restrictive and convoluted construction of the slots-limitation.  MOSO's proposed construction was: "the bamboo strip has slots extending ***through the entire thickness of each bamboo strip such that each bamboo strip is broken into a plurality of small strips connected to each other.***"  Appx6.  As discussed *infra*, MOSO is advocating for a new claim construction on appeal in violation of settled Federal Circuit precedent by seeking a construction that specifies that the slots extend through the entire thickness of the strip while omitting the restrictive additional verbiage that MOSO advocated for before the District Court.  That constitutes a waiver of this issue under Federal Circuit precedent.   Similarly, MOSO is challenging the District Court's use of the term "incision" in its claim construction without having objected to that term in the jury instructions and without having sought a clarifying instruction from the District Court.  This also constitutes a waiver of MOSO's arguments on appeal.

The District Court agreed with Easoon's construction in substance and specified that the "slots-limitation" had the following construction:

> Plain meaning. The slots need not extend all the way through the strip, but must penetrate deeper than an incision.

Appx6.

D. MOSO's Arguments At Trial

After the District Court issued its claim construction ruling, MOSO never sought any clarification from the District Court about the meaning of the word "incision" as used in the Court's claim construction. In particular, MOSO never raised the supposed need for a "clarification" at any point in the trial and failed to object to the jury instructions giving the Court's construction of the "slots limitation." In fact, MOSO launched a two-prong attack on the '578 patent using the Court's claim construction as its primary weapon. First, MOSO argued that it did not infringe because it only made "incisions" in the bamboo strip used to manufacture the accused product. *See, e.g.,* Appx831, Appx847-850. Second, MOSO argued that the asserted claims of the '578 patent were allegedly indefinite based on the District Court's claim construction (as opposed to the actual claim language). Appx856, Appx884-86. In particular, MOSO contended that a POSITA could allegedly not tell the difference between a "slot" and an "incision." *Id.* These issues were the subject of testimony by both parties' experts at trial. *See, e.g.,* Appx389 –90, Appx950-51. The jury rejected MOSO's arguments and found that MOSO infringed the '578 patent and that MOSO failed to prove that the '578 patent was invalid. D.I. 438.

E. Easoon's Exclusive License

The agreements setting forth Easoon's exclusive license to the '578 patent are set forth in the Appendix submitted with this appeal. *See* Appx1633-1657. These

agreements were modified to reflect the fact that the '578 patent issued (compare Appx1634-1638 with Appx1639–1643), or to reflect a change in the licensor (compare Appx1639-43, Appx1644-1648, and Appx1649–1653). The "term" provisions in each license could be read as starting a new 20-year term with each revised license (*See* Section 3 of each agreement). In fact, MOSO took that exact interpretation in the damage analysis conducted by Mr. Napper (MOSO's damages expert) and advocated for a very low reasonable royalty number based on Appx1649–1653. Appx1117–1119, Trial Tr. at 734 - 736. It is clear on the face of the Agreements that payments for pre-expiration use of the patented invention were not due until after the '578 patent expired.

The evidence at trial showed that Easoon's exclusive license requires Easoon to make a lump-sum payment in 2034 equivalent to five percent of sales of products covered by the '578 patent during the license term. The license term is twenty years, and Dasso and Easoon signed the license in 2014 and renewed it in 2017. A35. As a result, Easoon is obligated to pay royalties for sales made before 2028 (the expiration date of the '578 patent) and is also obligated to pay royalties for sales made after 2028 (*i.e.*, after the expiration of the '578 patent).

MOSO first raised the enforceability of the exclusive license during its JMOL motion at the close of evidence. Appx1377, Trial Tr. at 994. As set forth in the briefing, MOSO relies entirely on cases directed to the doctrine of "patent misuse."

However, MOSO never pled patent misuse or otherwise raised it in the litigation. As a result, MOSO deprived Easoon of the opportunity to purge any purported misuse by amending the relevant license prior to trial (although no misuse exists whatsoever). Before the District Court and in this appeal, MOSO asserts that it is challenging Easoon's "standing" to sue for damages, and not asserting "patent misuse."

F. Damages Evidence On The State Law Claims

The jury awarded Easoon $1,500,000 in damages for MOSO's tortious interference with prospective economic advantage and aiding an abetting breach of fiduciary duty. D.I. 438. MOSO has only challenged the jury's award on the tortious interference with economic advantage claim and has not raised any challenge to the damage award for aiding and abetting breach of fiduciary duty. *See* D.I. 438 at Question 6 and damages award for Easoon claims 5, 6 & 7. As set forth *infra*, MOSO has waived any challenge to the damages award based on aiding and abetting breach of fiduciary duty and that award is now a final judgment. As set forth *infra*, Third Circuit precedent compels an affirmance of this damage award because the lack of an appeal on the aiding and abetting breach of fiduciary appeal is an independent basis to affirm the District Court's judgment.

With regard to the evidence supporting the tortious interference claim, the evidence at trial showed that Easoon created the market for outdoor bamboo decking

in the United States. *See, e.g.*, Appx534-542, Trial Tr. 151 - 159. After the market was established, MOSO worked with the individual defendants (who worked for or on behalf of Easoon) to steal Easoon's customers upon MOSO's entry into the market with a product identical to Easoon's patented product. Appx1090-91. In fact, MOSO specifically targeted Easoon's customer base using information sent to it by the individual Defendants who were then working for or on behalf of Easoon. *See, e.g.,* Appx746–747. The evidence at trial further showed that Easoon's customer base and MOSO's customer base contained 86% common customers. *See, e.g.,* Appx838, Appx842. In light of this, the District Court correctly held that there was sufficient evidence to support the jury's damages award on appeal. Appx56-58.

G. <u>Jury Polling</u>

After the jury verdict was read but before the jury was excused, MOSO's counsel requested that the jury be polled. Appx1544, Trial Tr. 1161. MOSO's counsel did not specify the type of polling requested (individual or collective) and did not cite any rule in support of this request. After initially demurring, the District Court granted MOSO's request and collectively polled the jury. *Id.* MOSO's counsel did not object to the collective poll and did not request individual polling. The jury was then excused. In its post-trial motions and in this appeal, MOSO asserts that the purported failure to individually poll the jury constitutes *per se* reversible error.

The District Court denied MOSO's motion on multiple grounds. Appx58–60. First, the District Court found that MOSO waived this argument. Second, the District Court held that the failure to poll the jury individually in a civil case does not constitute *per se* reversible error. Finally, to the extent there was any error, the District Court concluded that any purported error was harmless. In particular, the District Court noted that the jury instructions emphasized that the verdict was to be unanimous and that there was no indication that any juror dissented from the verdict. *Id.*

### H. Issues As To Which MOSO Has Not Appealed

MOSO has limited its appeal to four issues: (1) the District Court's claim construction; (2) Easoon's alleged "patent misuse" (which MOSO claims is a "standing" issue); (3) the sufficiency of the evidence on Easoon's tortious interference with economic advantage claim against MOSO; and (4) jury polling. However, MOSO has appealed none of the substantive patent issues in the case. This includes: (1) infringement; (2) validity (*e.g.,* alleged obviousness, indefiniteness and non-enablement): (3) patent exhaustion; (4) the grant of the presumption under 35 U.S.C. § 295; (5) willfulness; (6) the award of lost profit damages to Easoon on its patent claim; (7) the enhancement of Easoon's patent damages award by 50%; and (8) the grant of the permanent injunction. On the state law claims, MOSO has not

appealed the aiding and abetting breach of fiduciary claim against MOSO and the jury's damages award to Easoon on that claim.

## I. MOSO's Deceptive Trade Practices Act and Defamation Claims

MOSO asserted multiple claims against Easoon at trial. These claims included: (1) tortious interference with prospective economic advantage; (2) trade libel; (3) violation of the Delaware Deceptive Trade Practices Act ("DDTPA"); and (4) defamation. The jury found for Easoon on the tortious interference claim and the trade libel claim. However, the jury found for MOSO on the DDTPA and the defamation claim. The jury awarded MOSO $100,000 in damages on the defamation claim. D.I. 438.

The evidence of liability on the defamation claim consisted of statements Easoon had made indicating that the MOSO product was an unauthorized "counterfeit" (*i.e*, infringing Easoon's patent). Appx683-685, Appx693-694. Certain of these statements explicitly referenced this litigation and the patent infringement claim in connection with the assertion that the accused products were "unauthorized" counterfeits. *See, e.g.*, Appx1063-1064 & PTX 280. The District Court denied Easoon's JMOL motion that the defamation claim was preempted by federal patent law. Appx63.

During the JMOL motions, Easoon's counsel explicitly noted that MOSO had failed to prove damages including on its claims for tortious interference with prospective economic advantage claim.  App. 1382.  On the DDTPA claim and the defamation claim, Easoon's counsel also asserted that those claims were preempted by federal patent law.  *Id.*  In its decision on post-trial motions, the District Court held that Easoon had waived its challenge to the sufficiency of the evidence on the damages for the defamation claim.  Appx64 (*citing Williams v. Runyon*, 130 F.3d 568, 571-72 (3d Cir. 1997).  However, in MOSO's opposition to Easoon's JMOL motion, MOSO addressed Easoon's arguments on the merits and did not assert waiver.  D.I. 463.

The District Court did not address Easoon's legal argument that MOSO was required to prove economic harm to recover damages based on its status as a corporate plaintiff. MOSO proved no economic harm to either entity caused by the purported defamatory statement by, for example, showing lost sales, lost revenue, or reduced profits.  The sole evidence at trial on damages proffered by MOSO consisted of testimony by Mr. Brett Kelly that he had to "talk" to MOSO's customers about Easoon's statements to address their alleged concerns. Appx1064–1067, Trial Tr. at 681 – 684.

J.   The District Court's Enhancement Of Damages Under § 284.

The District Court awarded Easoon a 50% increase in the damages award pursuant to Easoon's motion under 35 U.S.C. § 284.  Although not required to, the District Court analyzed the factors set forth in *Read Corp. v Portec, Inc.*, 970 F.2d 816, 827 (Fed. Cir. 1992), in deciding the motion.  Appx75–78.

The District Court erred with regard to this weighing in at least three respects. First, the District Court did not evaluate the "closeness of the case."  Rather, the District Court held that this factor related to MOSO's conduct in the litigation. Second, the District Court held that the mere fact that several of MOSO's defenses made it to trial and were not challenged by Easoon on summary judgment "arguably weighs in MOSO's favor to some extent."  Based on this reasoning and the fact that MOSO completely failed to obtain an opinion of counsel on infringement and validity, the District Court held that the second *Read* factor "tilts somewhat in favor of enhancement."  Third, the District Court erred by insufficiently weighing the eighth *Read* factor given Mr. Kelly's personal animosity to Easoon.

K.  The District Court's Denial Of Easoon's "Exceptional Case" Motion

The District Court denied Easoon's motion for attorney's fees pursuant to 35 U.S.C. § 285 by holding that the case did not qualify as "exceptional."  Appx70–72. In making that ruling, the District Court erred in two respects.  First, the District Court held that the defenses that MOSO took to trial were not "objectively baseless."

19

That was error. Second, the District Court did not consider evidence of "motivation, compensation and deterrence" in its ruling. Consideration of those factors is mandated by the Supreme Court's decision in *Octane Fitness, LLC v ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 & n.6 (2014). That also constituted error.

## V.    SUMMARY OF THE ARGUMENT

This case involves an appeal by MOSO and a cross-appeal by Easoon. The arguments on each appeal are summarized separately.

A. <u>MOSO's Appeal</u>.

MOSO has appealed four issues: (1) the District Court's construction of the "slots" limitation; (2) the enforceability of Easoon's exclusive license; (3) the sufficiency of the evidence supporting the jury's verdict in favor of Easoon on Easoon's tortious interference with prospective economic advantage claim; and (4) the District Court's failure to individually poll the jury after the verdict was rendered. None of these issues has any merit and, as a result, the District Court's judgment in favor of Easoon should be affirmed in all respects as to these issues.

Initially, MOSO has waived the claim construction arguments it is advancing in this appeal because it failed to seek any clarification of the Court's claim construction on the "slots limitation" regarding the word "incision." MOSO also failed to object to the Court's jury instructions that used the Court's definition of the

slots limitation.  This constitutes a waiver of MOSO's arguments on appeal under at least *Kaufman v. Microsoft Corp.*, 34 F.4th 1360, 1369-71 (Fed. Cir. 2022).

MOSO has also waived its claim construction arguments on appeal by not advancing the same claim construction it advanced before the District Court.  In particular, MOSO is not advancing the prosecution disclaimer arguments that are necessary to support the construction MOSO advocated at trial (*i.e.,* "such that each bamboo strip is broken into a plurality of small strips connected to each other."). Instead, MOSO is only advocating for the construction of the word "through."  As a result, this Court should hold that MOSO's claim construction arguments on appeal have been waived for this additional reason as well.

Even were the Court to find that no waiver has occurred, the District Court's claim construction of the slots limitation is correct because it is consistent with the claim language, the specification and the prosecution history of the '578 patent. MOSO's argument that the District Court did not resolve the dispute between the parties is wrong.  The District Court's construction agreed in substance with Easoon's proposed construction and squarely resolved the dispute between the parties about how deeply the slots must penetrate the bamboo strip.  However, the District Court phrased the construction in a manner slightly differently than the construction proposed by Easoon to account for the discussion of "incising" that took place during prosecution.  MOSO's argument that the District Court's

21

construction rendered the claim inappropriately "subjective" is similarly wrong. MOSO distorts the testimony of Plaintiffs' expert, Dr. Shmulsky, that whether a cut constitutes a "slot" or an "incision" varies based on the effect it has on the bamboo strip. In particular, MOSO wrongly claims that the infringement purportedly turns on an accused infringer's state of mind. That is incorrect. Lastly, MOSO has not articulated any issue it advanced at trial that would have turned out differently had the District Court construed the claim as MOSO proposed. In short, MOSO has failed to identify "prejudicial error" in the claim construction if it were found to be incorrect (which it is not).

MOSO's appeal of Easoon's purported "lack of standing" should be rejected. MOSO's argument is predicated entirely on alleged "patent misuse" based on an alleged violation of the rule in *Brulotte v. Thys Co.*, 379 U.S. 29 (1964). The evidence at trial was clear that Easoon is obligated to pay for pre-expiration use of the '578 patent after the '578 patent expires. That arrangement does not violate *Brulotte* and disposes of the issue raised by MOSO on appeal. To the extent that Easoon is also obligated to pay for royalties for use of the '578 patent after it expires, that does not render the license unenforceable in its entirety. *Brulotte v. Thys Co.*, 379 U.S. 29 (1964), and *Kimble v. Marvel Entm't, LLC*, 576 U.S. 446 (2015), do not support the draconian outcome advocated for by MOSO. In fact, MOSO can point to no authority in support of its requested relief, because none exists.

22

In addition, MOSO failed to plead patent misuse or otherwise raise it before its oral JMOL motion. As a result, this Court should find that MOSO waived this defense pursuant to 35 U.S.C. § 282 and Fed. R. Civ. P. 8(c). This Court is well-aware that patent misuse does not render a patent permanently unenforceable. Rather, patent misuse can be "purged." MOSO's untimely raising of the misuse defense precluded Easoon from curing any misuse that allegedly occurred (and none did) by, for example, amending the license agreement with Dasso. Moreover, MOSO's "trial by ambush" tactic on this issue should not be encouraged. The District Court, the parties, and the jury went through an entire trial on the merits before MOSO raised this issue. MOSO's untimely raising of the misuse issue amounts to a waste of resources and should not be condoned by this Court.

With regard to the tortious interference with prospective economic advantage claim, the District Court did not err in finding that substantial evidence exists to support the jury's verdict. The District Court correctly noted that the evidence showed that: (1) Easoon built the market from the ground up for outdoor bamboo decking in the United States; (2) MOSO entered the U.S. market with a product identical to Easoon's product; and (3) MOSO targeted Easoon's customer base to obtain its sales. In fact, the evidence showed that the customer base for MOSO and Easoon had 86% of customers in common. Thus, the jury could infer that the sales

MOSO made would have been made by Easoon had MOSO not tortiously interfered with Easoon's prospective business relations.

This Court need not decide whether substantial evidence supports Easoon's tortious interference claim if this Court affirms the District Court's claim construction, the patent misuse ruling, and the jury polling ruling. If those issues are affirmed, this issue is moot because it will not affect the monetary award under the District Court's judgment. The judgment on the patent claim is for $2,493,174. Appx83 at pars. 3a and 3b. The judgment on the tortious interference claim is for $1,727,575. MOSO will obtain no relief from the monetary judgment even were it to prevail on this issue (which it should not). An additional reason to affirm this aspect of the District Court's judgment is that MOSO has not appealed the aiding and abetting breach of fiduciary duty award (which also totaled $1,727,575). MOSO's failure to appeal this issue constitutes a waiver. That award is now a final judgment and *res judicata* against MOSO. Moreover, the law in the Third Circuit is clear that a judgment must be affirmed if there exists an independent basis to affirm the judgment that has not been raised on appeal. *Nagle v Alspach*, 8 F.3d 141, 143 (3d Cir. 1993). That is the case here.

Finally, MOSO contends that the District Court's failure to poll the jury individually constitutes *per se* reversible error. MOSO is wrong. Initially, MOSO never requested individual polling. Moreover, when the District Court polled the

jury collectively, MOSO did not object to it. As a result, MOSO has waived this issue. The Third Circuit has never held that a failure to poll the jury individually in a civil case constitutes *per se* reversible error and other circuits have concluded that a polling error in a civil case is not *per se* error. Holding that the collective polling that took place in this case is somehow *per se* reversible error is a tremendous waste of the public's, the District Court's, and the parties' resources. Such a ruling would allow a party to weaponize a perceived error in jury polling without raising a timely objection by waiting on the verdict to see if it is favorable, and then challenging that verdict if it is adverse. This Court should not condone such behavior. Moreover, to the extent there was any error (and there was none), that error was harmless. The jury instructions stated in two places that the verdict had to be unanimous, there was no indication that any juror dissented from the verdict, and certainly no juror said they dissented when the jury was polled.

## B. Easoon's Cross Appeal

Easoon has cross-appealed four issues: (1) the preemption of MOSO's DDTPA and defamation claims under federal patent law; (2) the sufficiency of the factual and legal grounds for the damages awarded to MOSO on its defamation claim; (3) the amount of the damages enhancement under 35 U.S.C. § 284; and (4) the District Court's failure to find the case "exceptional" and award Easoon's attorney's fees pursuant to 35 U.S.C. § 285.

With regard to the MOSO's DDTPA and defamation claims, the law is clear that any state law "unfair competition" claims based on assertions of patent infringement are preempted by federal patent law. That is the case here. The evidence of liability consisted of statements by Easoon indicating that the MOSO product was an unauthorized "counterfeit" (*i.e*, infringing Easoon's patent). Certain of these statements explicitly referenced this litigation and the patent infringement claim in connection with the assertion that the accused products were "unauthorized" counterfeits. *See, e.g.*, Appx1063-1064 & PTX 280. In light of the clear linking of the "counterfeit" statement to the claim for patent infringement, MOSO's DDTPA and defamation claims are preempted by federal patent law. The District Court erred by not granting Easoon JMOL on this issue.

With regard to the defamation damages, the District Court erred by not vacating the jury's damages award in its entirety or, in the alternative, by remitting the damages to MOSO a nominal amount of $1 pursuant to Delaware law. MOSO proved no damages at trial. The District Court erred in ruling that Easoon did not adequately raise the issue at JMOL. Easoon's counsel explicitly raised the fact that MOSO did not prove any damages during the JMOL argument on MOSO's tortious interference claim. Given that this issue had already been raised, there was no need to explicitly raise it again in connection with the defamation claim because Easoon's counsel was advocating for an additional reason to grant JMOL on the defamation

claim. Moreover, MOSO did not assert waiver in its opposition to Easoon's JMOL motion. Under Third Circuit precedent, MOSO's failure to object constitutes a waiver of the waiver. *Williams v. Runyon*, 130 F.3d 568, 571-72 (3d Cir. 1997)("where a party did not object to a movant's Rule 50(b) motion specifically on the grounds that the issue was waived by an inadequate Rule 50(a) motion, the party's right to object on that basis is itself waived.") As a result, the District Court erred by finding that a waiver by Easoon had occurred.

To the extent there was any waiver (and there was none), the District Court committed legal error by allowing the defamation claim to stand based on the evidence that MOSO presented. It is undisputed that both MOSO entities are corporate plaintiffs. As matter of law, MOSO was required to prove economic harm caused by the defamatory statement by, for example, proving lost sales or lost revenue. MOSO failed to do that. The sole evidence on damages at trial consisted of testimony by Mr. Brett Kelly that he had to "talk" to MOSO's customers about Easoon's statements to address their concerns. Because a corporate plaintiff lacks the same reputational interest as an individual, there can be no damages from defamation absent proof of actual economic harm. As a result, the District Court's judgment should be reversed in its entirety on this issue. In the alternative, the case should be remanded to the District Court to remit the damage down to $1, the nominal damages permitted under Delaware law.

With regard to Easoon's § 284 motion, the District Court erred by not increasing the damages by more than 50%. The District Court incorrectly weighed the *Read* factors in arriving at its determination. In particular, the District Court did not correctly evaluate the "closeness of the case." Rather, the District Court held that this factor related to MOSO's conduct in the litigation. That constitutes error. MOSO has not appealed any substantive patent issue that it took to trial (infringement, obviousness, enablement and indefiniteness). That is strong evidence regarding how baseless MOSO's defenses were and that the case was not, in fact, "close." Second, the District Court held that the fact that several of MOSO's defenses made it to trial and were not challenged by Easoon on summary judgment "arguably weighs in MOSO's to some extent." Based on this reasoning and the fact that MOSO completely failed to obtain an opinion of counsel on infringement and validity, the District Court held that the second *Read* factor only "tilts somewhat in favor of enhancement." That was error as well. In so ruling, the District Court failed to appreciate that the defenses raised by MOSO (which included obviousness, enablement and indefiniteness) have factual components and are not amenable to summary judgment under Fed. R. Civ. P. Rule 56. Third, the District Court erred by insufficiently weighing the eighth *Read* factor given Mr. Kelly's personal animosity to Easoon. MOSO was found to have aided and abetted a breach of Mr. Kelly's fiduciary duty, and MOSO has not appealed that issue. In light of these errors, this

28

Court should vacate and remand this aspect of the District Court's judgment with instructions to increase the amount of the enhancement in light of these factors.

Finally, Easoon has appealed the District Court's denial of its motion under § 285. In making the determination that the case was not "exceptional," the District Court erred in two respects. First, the District Court held that the defenses that MOSO took to trial were not "objectively baseless." That was error. MOSO has not appealed any of the patent defenses it advanced at trial in this appeal. That is strong evidence that these defenses as presented were baseless and that the District Court erred in holding otherwise. Second, the District Court did not consider evidence of "motivation, compensation and deterrence" in its ruling. Consideration of those factors is mandated by the Supreme Court's decision in *Octane Fitness, LLC v ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 & n.6 (2014). For example, the District Court explicitly cited Mr. Kelly's motivation in the enhancement of damages under § 284 as part of the eighth *Read* factor, but did not consider it in the "exceptional case" ruling under § 285. That constitutes error. In light of this error, the Court should reverse the District Court's denial of the exceptional case motion and remand to allow the District Court to award Easoon its attorney's fees.

## VI.   ARGUMENT

Pursuant to Fed. R. App. P. Rule 28(a)(8), Appellees Dasso and Easoon and Cross-Appellant Easoon set forth the following argument. The issues on which

MOSO has appealed are addressed first.  The issues as to which Easoon has appealed are addressed second.

A.  <u>The Standard of Review</u>

Pursuant to Fed. R. App. P. Rule 28(a)(8)(B), Easoon sets for the following standard of review for each issue raised in this appeal.  With regard to MOSO's appeal of the claim construction, the ultimate construction of a claim is a legal question and, therefore, is reviewed *de novo*. *Info-Hold, Inc. v. Applied Media Techs. Corp.*, 783 F.3d 1262, 1265 (Fed. Cir. 2015). This Court reviews a district court's claim construction based solely on intrinsic evidence *de novo*.  However, this Court reviews subsidiary factual findings regarding extrinsic evidence for clear error. *Teva Pharms. USA, Inc. v. Sandoz, Inc.*, 135 S. Ct. 831, 841, 190 L. Ed. 2d 719 (2015). Whether an issue has been waived on appeal is a legal question based on underlying facts.  *Sage Prods., Inc. v. Devon Indus., Inc.*, 126 F.3d 1420, 1426 (Fed. Cir. 1997).

With regard to the alleged unenforceability of Easoon's exclusive license, MOSO is asserting a defense of patent misuse.  Patent misuse is an equitable defense and, therefore, is an issue for the Court.  *C.R. Bard. Inc. v. M3 Sys., Inc.*, 157 F.3d 1340, 1372 (Fed. Cir. 1998) ("Patent misuse arises in equity, and a holding of misuse renders the patent unenforceable until the misuse is purged; it does not, of itself, invalidate the patent.").  As a result, the District Court's ruling on patent misuse should be reviewed *de novo*.

With regard to MOSO's appeal on Easoon's tortious interference with prospective economic advantage, the jury's verdict is reviewed for sufficiency of the evidence. Under that standard, this Court's review is "'limited to examining whether there is sufficient evidence to support the verdict, drawing all reasonable inferences in favor of the verdict winner.'" *Le v. Univ. of Pa.*, 321 F.3d 403, 406 (3d Cir. 2003) (*quoting Kelly v. Matlack, Inc.*, 903 F.2d 978, 981 (3d Cir. 1990)). The verdict is supported by sufficient evidence if the record reflects at least the "minimum quantum" of evidence necessary for a reasonable jury to find for the prevailing party based on the applicable evidentiary standard. *See Starceski v. Westinghouse Elec. Corp.*, 54 F.3d 1089, 1095 (3d Cir. 1995).

With regard to MOSO's appeal on jury polling, whether a purported failure to poll the jury individually constitutes *per se* reversible error is an issue of law. *See, e.g., Simmons v Napier*, 626 F. App'x 129 (6th Cir. 2015). Issues of waiver must be examined closely in connection with this analysis. *Id.* at 141 – 42; *Ira Green, Inc. v. Military Sales & Serv. Co.*, 775 F.3d 12, 25 - 26 (1st Cir. 2014).

With regard to Easoon's cross-appeal, whether MOSO's DDTPA and defamation claims are preempted is a question of law. *Dominant Semiconductors Sdn. Bhd. V. OSRAM GmbH*, 524 F.3d 1254, 1260 (Fed. Cir. 2008); *Hunter-Douglas, Inc. v. Harmonic Design, Inc.*, 153 F.3d 1318 (Fed. Cir. 1998); *Zenith Electronics Corp. v. Exzec, Inc.*, 182 F.3d 1340 (Fed. Cir. 1999).

31

Whether substantial evidence supports the jury's verdict of damages for MOSO's defamation claim is a question of law. *Goodman v. Pennsylvania Turnpike Comm'n*, 293 F.3d 655, 664-65 (3d Cir. 2002). Whether the MOSO entities as corporate plaintiffs must prove economic harm to prove defamation damages is also a question of law. *Bäcker v. Palisades Growth Capital II, L.P.*, 246 A.3d 81, 94 (Del. 2021)("[T]he applicable standard by which the defendants' conduct is to be judged . . . is a legal question . . . subject to *de novo* review by this Court."). Whether Easoon waived its right to challenge the defamation claim is also a question of law. *Williams v. Runyon*, 130 F.3d 568, 571-72 (3d Cir. 1997)(failure to assert "waiver" in opposition to a JMOL motion constitutes a waiver of the waiver).

With regard to the amount of the District Court's enhancement of damages under 35 U.S.C. § 284, that is reviewed for abuse of discretion. *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1934, 195 L. Ed. 2d 278 (2016). Similarly, a District Court's exceptional case finding and an award of fees is reviewed for abuse of discretion. *See Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 572 U.S. 559, 563-64, 134 S. Ct. 1744, 188 L. Ed. 2d 829 (2014). To meet the abuse-of-discretion standard, the moving party must show that the district court has made 'a clear error of judgment in weighing relevant factors or in basing its decision on an error of law or on clearly erroneous factual findings.'" *In re Rembrandt Techs. LP Pat. Litig.*, 899

F.3d 1254, 1266 (Fed. Cir. 2018) (*quoting Bayer CropScience AG v. Dow AgroSciences LLC*, 851 F.3d 1302, 1306 (Fed. Cir. 2017)).

B. <u>MOSO Has Waived Its Claim Construction Arguments On Appeal</u>

MOSO has raised a series of meritless challenges to the District Court's claim construction.  However, MOSO has waived its claim construction arguments on appeal in two respects.  First, MOSO failed to object to the District Court's claim construction (which differed from both parties' proposed construction) at any time and, in particular, in the jury instructions.  Specifically, MOSO did not seek any clarification of the word "incision" as used in the District Court's claim construction. This constitutes a waiver of MOSO's arguments here.  *Kaufman v. Microsoft Corp.*, 34 F.4th 1360, 1369-71 (Fed. Cir. 2022).  Second, MOSO is not advocating for the claim construction it asserted during the *Markman* proceedings where it relied heavily on the doctrine of prosecution history disclaimer.  Rather, it is advocating solely about the meaning of the word "through" without addressing the extensive verbiage MOSO put onto its proposed construction at the *Markman* hearing.  That construction required a finding of prosecution history disclaimer, and MOSO makes no argument that a disclaimer is present in its appeal brief.  Appx8–11.  This also constitutes a waiver.  *See, e.g., Digital-Vending Servs. Int'l, LLC v. Univ. of Phoenix, Inc.*, 672 F.3d 1270 (Fed. Cir. 2012)("a party may not introduce new claim

construction arguments on appeal or alter the scope of the claim construction positions it took below.").  Each issue raised by MOSO is addressed in turn.

C. <u>The District Court's Claim Construction Is Correct</u>

First, MOSO argues that the District Court's claim construction allegedly removed the word "through" from the claim.  MOSO is wrong.  The entire dispute on the construction of the slots limitation was about how deeply the slots had to penetrate the bamboo strips: (1) beyond a surface level cut as advocated by Easoon; or (2) completely through the strip as advocated by MOSO.  *See* Appx6.  Thus, the meaning of the term "penetrating through the bamboo strip" was exactly what the District Court addressed in its claim construction.  Appx6–11.  The District Court did not render the term "through" meaningless or superfluous.  Rather, the District Court construed the term in a manner with which MOSO disagrees.  As a result, MOSO's reliance on *Akzo Nobel Coating,s Inc., v Dow Chem. Co.*, 811 F.3d 1334, 1340 (Fed. Cir. 2016), and *Power MOSFET Techs., L.L.C. v. Siemens AG*, 378 F.3d 1396 , 1410 (Fed. Cir. 2004), is misplaced.

Second, MOSO claims that the District Court impermissibly left the issue of claim construction to the jury in violation of *O2 Micro Int'l, Ltd. v. Beyond Innovation Technology Co.*, 521 F.3d 1351, 1360 (Fed. Cir. 2008).  MOSO is again wrong and has waived this argument.  *Kaufman v. Microsoft Corp.*, 34 F.4th 1360, 1369-71 (Fed. Cir. 2022).  MOSO did not seek clarification of the word "incision"

as used in the Court's claim construction, nor did MOSO object to that word in the jury instructions. This case is identical to the *Kaufman* decision where Microsoft raised an identical *O2 Micro* argument on appeal regarding the use of the word "automatically." *Id.* This Court held that Microsoft had waived the challenge because, *inter alia*, it had not raised it before the District Court. That is the case here. As a result, the Court should reject MOSO's challenge outright.

To the extent this Court addresses MOSO's argument on the merits, MOSO is wrong here as well. Initially, many of the arguments in MOSO's brief are not proper claim construction arguments. *See* MOSO Br. at 23 – 26. Whether a particular cut into the strip constituted a "slot" or an "incision" depended on its depth and the effect it produced in the bamboo strip. The testimony at trial was clear that an "incision" was a very shallow cut made for the purposes of allowing preservatives to penetrate the strip. App. at 772 - 774; 793 – 94, 799 - 800. In contrast, a "slot" was a deeper cut that caused the strip to fracture in a controlled manner in the subsequent processing steps. *Id.*

MOSO distorts the testimony of Dr. Shmulsky by claiming that his use of the word "intent," (which he used interchangeably with "purpose" or "function") somehow rendered infringement impermissibly subjective. *See Amazon.com, Inc. v. Barnesandnoble.com, Inc.,* 239 F.3d 1343, 1353 (Fed. Cir. 2001). MOSO is wrong. Dr. Shmulsky's testimony was clear that whether a cut constituted a slot or an

incision depended on a variety of factors including the effect it produced on the strip when it was processed.  App. at 772 - 774; 793 – 94, 799 - 800.  This is not "subjective," and, as a result, the *Amazon* decision is inapposite.

MOSO also complains that the term "controlled cracking," "crack initiator" and variants thereof do not appear in the '578 patent.  This argument is again misplaced.  A specification need not disclose what is well known in the art. *See, e.g., Hybritech Inc. v. Monoclonal Antibodies, Inc.*, 802 F.2d 1367, 1385 (Fed. Cir. 1986).  Dr. Shmulsky testified that "incising" was known and "slotting" was taught by the '578 patent itself and that a person of ordinary skill would understand the difference between the two given the teachings of the '578 patent.[2]

### D. MOSO Has Not Demonstrated Clear Error In the District Court's Evaluation of Extrinsic Evidence

In arguing that the District Court improperly discounted dictionary meanings of the word "through," MOSO fails to address the proper standard of review.  Under *Teva Pharms. USA, Inc. v. Sandoz, Inc.*, 135 S. Ct. 831, 841, 190 L. Ed. 2d 719 (2015), this Court reviews subsidiary factual findings regarding extrinsic evidence for clear error.  That necessarily includes the District Court's evaluation of the

---

[2] MOSO references supposed arguments made by Easoon during an *IPR* proceeding initiated by MOSO.  MOSO Br. at p. 27.  However, MOSO never put these materials before the District Court and cannot raise supposed issues from the for the first time in this appeal.

dictionary definitions proffered by the parties. MOSO has not identified why the District Court's discounting dictionary definitions of the word "through" constituted "clear error." Instead, MOSO argues as if this Court's review is *de novo* as to this point (which it is not). MOSO Br. at 28 – 29. As set forth in the District Court's well-reasoned claim construction opinion, the dictionary definitions of "through" were not "particularly helpful" in resolving the dispute between the parties. Appx6 – 7. MOSO has not demonstrated "clear error" by the District Court in reaching this conclusion. This Court should reject MOSO's appeal on this issue as well.

MOSO's challenges to the substance of the District Court's claim construction on pages 30 – 32 of its brief are meritless. First, the claim language supports the District Court's construction. The claims do not say "entirely through, "completely through," or any other such verbiage. "Claim construction begins with the language of the claim." *Power Integrations, Inc. v. Fairchild Semiconductor Int'l., Inc.*, 711 F.3d 1348, 1360 (Fed. Cir. 2013). Given that the plain language of the claims themselves do not support MOSO's construction, it should be rejected for this reason alone.

The '578 patent specification supports Easoon's construction and is contrary to MOSO's proposed construction. That strongly suggests that Easoon's proposed construction is correct. *See Phillips v. AWH Corp.*, 415 F.3d 1303, 1312 (Fed. Cir. 2005) ("The construction that stays true to the claim language and most naturally

aligns with the patent's description of the invention will be, in the end, the correct construction."). The District Court noted that the '578 patent teaches that the slots may be "continuous." As shown in Figure 1, a slot that is "continuous" and that had MOSO's proposed construction would cleave the strip into two pieces. Appx8. That is not contemplated by the '578 patent. In fact, it would actually exclude the preferred embodiment in Figure 1 of the '578 patent. Such a construction is "rarely, if ever, correct." *Adams Respiratory Therapeutics, Inc. v. Perrigo Co.*, 616 F.3d 1283, 1290 (Fed. Cir. 2010)(*quoting Vitronics Corp. v. Conceptronic Inc.*, 90 F.3d 1576, 1583-84 (Fed. Cir. 1996)). This is yet another reason to reject MOSO's arguments.

Finally, the prosecution history itself supports Easoon's position because the Examiner himself stated that the word "through" does not mean "completely through." Appx9 (discussing Examiner's statement about the meaning of "through" during prosecution). Thus, the intrinsic record supports the District Court's claim construction. MOSO's appeal on this issue should be rejected.

### E. MOSO Has Not Articulated "Prejudice"

Although MOSO has challenged the District Court's construction, it has not articulated how it was prejudiced by the allegedly incorrect instruction. "To warrant a new trial . . . the erroneous jury instruction [must have been] in fact prejudicial. When the error in a jury instruction could not have changed the result, the erroneous

instruction is harmless." *Ecolab Inc. v. Paraclipse, Inc.*, 285 F.3d 1362, 1374 (Fed. Cir. 2002) (internal quotation marks omitted); *see also Seachange Int'l, Inc. v. C-COR Inc.*, 413 F.3d 1361, 1381 (Fed. Cir. 2005); *Weinar v. Rollform Inc.*, 744 F.2d 797, 808 (Fed. Cir. 1984). Prejudicial error only exists if "there was sufficient evidence at trial to support a finding of [non-]infringement under a correct instruction." *Ecolab*, 285 F.3d at 1374. MOSO has not articulated why it would not have infringed had the District Court granted the construction it proposes. For example, there was evidence at trial that the cuts in the strip propagate through the strip during the crushing step and would be infringing on that basis as well. *See* Appx799-800 (setting forth equivalence analysis).

### F. Easoon's Exclusive License Is Not Unenforceable For Patent Misuse

MOSO's appeal of Easoon's purported "lack of standing" should be rejected. MOSO's argument is predicated entirely on alleged "patent misuse" and, in particular, based on an alleged violation of the rule in *Brulotte v. Thys Co.*, 379 U.S. 29 (1964). This Court should reject this argument for two reasons. First, MOSO failed to plead patent misuse in its operative pleading in violation of at least 35 U.S.C.§ 282 and Fed. R. Civ. P. 8(c). Allowing MOSO to raise this defense at its JMOL motion is highly prejudicial to Easoon because Easoon was denied any opportunity to "purge" any misuse (and there was none in any event). Second, the evidence at trial was clear that Easoon is obligated to pay for pre-expiration use of

the '578 patent after the '578 patent expires. That arrangement does not violate *Brulotte* and disposes of the issue raised by MOSO on appeal. To the extent that Easoon is also obligated to pay for royalties for use of the '578 patent after it expires, that does not render the license unenforceable in its entirety. Each argument is addressed in turn.

### 1. <u>MOSO Has Waived Its Patent Misuse Defense</u>

MOSO waived the patent misuse defense by failing to plead the defense in violation of 35 U.S.C. § 282 and Fed. R. Civ. P. 8(c). MOSO's operative pleading is D.I. 263. That pleading only raised the following affirmative defenses: (1) failure to state a claim for counts I – IV; (2) non-infringement; (3) invalidity; (4) ensnarement; (5) estoppel; (6) patent exhaustion; (7) lack of causation; and (8) lack of fiduciary duty. *Id.* "Patent misuse" and "unenforceability" (whether of the '578 patent itself or of Easoon's exclusive license) was not pled as a defense and was not raised in the litigation until after the close of evidence when MOSO made its oral JMOL motions. A1377, Trial Tr. at 994.

Title 35 requires that the affirmative defenses of patent misuse and unenforceability be pleaded in order to be raised in litigation. *See* 35 U.S.C. § 282(b)(1) and 282(b)(4). Multiple courts including this Court have held that patent misuse is an affirmative defense that must be pleaded. *Ameritox, LTD. v. Aegis Servs. Corp.*, 2008 U.S. Dist. LEXIS 88445 at *17-*18 (S.D. Fla. July 9, 2008); *U.S.*

*Philips Corp. v. Int'l Trade Comm'n*, 424 F.3d 1179, 1184 (Fed. Cir. 2005) ("Patent

misuse is an equitable defense to patent infringement"); *Windsurfing Intern. Inc. v.*

*AMF, Inc.*, 782 F.2d 995, 1001 (Fed. Cir. 1986) ("patent misuse is an affirmative

defense to a suit for patent infringement"). Failure to plead a defense required to be

pled by § 282 and/or Fed. R. Civ. P. Rule 8(c) results in a waiver of that defense.

*Charpentier v. Godsil*, 937 F.2d 859, 863 (3d Cir. 1991).

MOSO's gamesmanship on this issue compels a finding of waiver. At trial,

MOSO's damages expert used Easoon's exclusive license as the primary justification

for the jury to award a low reasonable royalty number as damages. Appx1117–1119,

Trial Tr. at 734 - 736. Thus, MOSO was affirmatively relying on the license as part

of its damages defense. By raising the purported misuse at the JMOL stage, MOSO

engaged in conduct that is highly prejudicial to Easoon.

This Court is well-aware the patent misuse does not render a patent permanently

unenforceable. Rather, patent misuse can be "purged." MOSO's untimely raising

of the misuse defense precluded Easoon from curing any misuse that allegedly

occurred (and none did) by, for example, amending the license agreement with

Dasso. That license had been amended multiple times. Appx1633-57. Moreover,

MOSO's "trial by ambush" tactic on this issue should not be encouraged. The

District Court, the parties and the jury went through an entire trial on the merits

before MOSO raised this issue.  MOSO's untimely raising of the misuse issue

amounts to a waste of resources and should not be condoned by this Court.

### 2. MOSO's Patent Misuse Defense Is Meritless

MOSO's misuse defense is completely unsupported by the law.  It is not patent

misuse to collect a royalty after a patent expires for use of the patented invention

prior to the expiration of the patent.  *Kimble v. Marvel Entm't, LLC*, 576 U.S. 446 ,

473-74 (2015)("To start, *Brulotte* allows a licensee to defer payments for pre-

expiration use of a patent into the post-expiration period; all the decision bars are

royalties for using an invention after it has moved into the public domain.")  It is

undisputed that Easoon's exclusive license requires payments for pre-expiration

use and, therefore, is enforceable.  To the extent that Easoon's exclusive license

also requires payment of post-expiration royalties for post-expiration sales, that

simply does not render the entire license unenforceable.  Instead, the law is crystal

clear that any such license is unenforceable *only to the extent* that post-expiration

payments for post-expiration sales are required.  The license is otherwise in full

force and effect for pre-expiration royalties.  *Kimble v. Marvel Entm't, LLC*, 576

U.S. 446 (2015), and *Brulotte v. Thys Co.*, 379 U.S. 29 (1964), both reach this

exact conclusion.  For example, Marvel's license was not held void in its entirety

and Kimble did not have to return the license fees Marvel paid prior to patent

expiration.  Instead, Marvel was only excused from paying post-expiration

royalties for post-expiration use of the patented invention.

MOSO has cited no case law in support of the draconian relief it seeks.  For

example, *Bishop v Act-O-Lane Gas Serv. Co.*, 85 S.E.2d 169, 177 (Ga. 1954), has

nothing to do with patent law and patent misuse and is wholly inapposite to the

issue raised by MOSO.  In light of clear and controlling Supreme Court precedent,

the license between Dasso and Easoon is presently enforceable, and there is no

alleged "standing" issue whatsoever.  MOSO's appeal on this issue should be

rejected.

G. Substantial Evidence Supports The Jury's Damages Award On Easoon's
   Tortious Interference Claim.

With regard to the tortious interference with prospective economic advantage

claim, the Court did not err in finding that substantial evidence exists to support the

jury's damages verdict.  The District Court correctly noted that the evidence

showed that: (1) Easoon built the market from the ground up for outdoor bamboo

decking in the United States (Appx534-42); (2) MOSO entered the U.S. market

with a product identical to Easoon's product (Appx1090-91); and (3) MOSO

targeted Easoon's customer base to obtain its sales (Appx746-47).  In fact, the

evidence showed that the customer base for MOSO and Easoon had 86% of

customers in common.  Appx838, Appx842.  Thus, the jury could infer that the

sales MOSO made would have been made by Easoon had MOSO not tortiously interfered with Easoon's prospective business relations.

The District Court's citation of *Beard Research Inc., v. Kates*, 8 A.3d 573, 614 (Del. Ch. 2010), is highly instructive on the quantum of proof required to prove damages under Delaware law.  In particular, the *Beard* Court noted:

> Delaware does not "require certainty in the award of damages where a wrong has been proven and injury established."  Indeed, "[t]he quantum of proof required to establish the amount of damage is not as great as that required to establish the fact of damage."  Responsible estimates of damages that lack mathematical certainty are permissible so long as the court has a basis to make such a responsible estimate.  Public policy has led Delaware courts to show a general willingness to make a wrongdoer "bear the risk of uncertainty of a damages calculation where the calculation cannot be mathematically proven."

*Id.* at 613 (internal citations omitted).  The testimony at trial was more than adequate to allow the jury to award Easoon the damages it awarded based on the totality of the evidence presented at trial.  As a result, MOSO's appeal on this issue should be rejected.

This Court need not decide whether substantial evidence supports Easoon's tortious interference claim if this Court affirms the District Court's claim construction, the patent misuse ruling, and the jury polling ruling.  If those issues are affirmed, this issue is moot because it will not affect the monetary award under the District Court's judgment.  The judgment on the patent claim is for $2,493,174.  Appx83 at pars. 3a and 3b.  The judgment on the tortious interference claim is for

$1,727,575.  MOSO will obtain no relief from the monetary judgment even were it to prevail on this issue (which it should not).  A further reason to affirm this aspect of the District Court's judgment is that MOSO has not appealed the aiding and abetting breach of fiduciary duty award (which also totaled $1,727,575).  MOSO's failure to appeal renders that award final and *res judicata* against MOSO.  The law in the Third Circuit is clear that a judgment must be affirmed if there exists an independent basis to affirm the judgment that has not been raised on appeal.  *Nagle v Alspach*, 8 F.3d 141, 143 (3d Cir. 1993).  That is the case here.

## H. <u>There Was No Reversible Error In Jury Polling</u>

Finally, MOSO contends that the District Court's failure to poll the jury individually constitutes *per se* reversible error.  MOSO is wrong.  The Court did, in fact, poll the jury after initially denying MOSO's request.  The Court did so by a "show of hands."  When the Court conducted the poll, MOSO did not cite Fed. R. Civ. P. 48(c) and did not insist upon individual polling.  As a result, this argument is waived.  *Ira Green, Inc. v. Military Sales & Serv. Co.*, 775 F.3d 12, 25 - 26 (1st Cir. 2014); *Simmons v. Napier*, 626 Fed. Appx. 129 , 142 – 43 (6th Cir. 2015).  MOSO cannot fail to insist on "individual polling" during the trial and then claim *per se* reversible error in its post-trial new trial motion.

MOSO's assertion that the Third Circuit has held that an error in jury polling is *per se* reversible in a criminal case is unavailing.  *See Gov't of the Virgin Islands*

*v. Hercules*, 875 F.2d 414, 419 (3d Cir. 1989). As the District Court noted, the Third Circuit has not addressed the issue and there is no indication that the Third Circuit would find *per se* error on the facts of this case, particularly given MOSO's waiver of individual polling by failing to request it. Moreover, the facts in this case are distinguishable from *Securities and Exchange Comm'n v Sargent*, 66 F.4th 11 (1st Cir. 2023). In *Sargent,* the party seeking reversal specifically requested individual polling after a collective poll was taken and had that request denied. Here, no request for individual polling was ever made.

Courts have long held that "'[a litigant] is entitled to a fair trial but not a perfect one,' for there are no perfect trials." *McDonough Power Equip. v. Greenwood*, 464 U.S. 548, 553 (1984). To the extent there was any error in the Court's polling methodology, that error was harmless and MOSO's motion must be denied pursuant to Fed. R. Civ. P. 61. As the District Court noted, the jury instructions required that the verdict be unanimous in two places. There was also no indication that the jury was anything but unanimous, nor was there any indication that any juror dissented from the verdict rendered.

I.  MOSO's DDTPA and Defamation Claims Were Preempted

With regard to the DDTPA and the defamation claims, the District Court erred by failing to find these claims preempted by the federal patent laws pursuant to at least *Dominant Semiconductors Sdn. Bhd. V. OSRAM GmbH*, 524 F.3d 1254 (Fed.

Cir. 2008); *see also Hunter-Douglas, Inc. v. Harmonic Design, Inc.*, 153 F.3d 1318 (Fed. Cir. 1998); *Zenith Electronics Corp. v. Exzec, Inc.*, 182 F.3d 1340 (Fed. Cir. 1999). The evidence regarding "counterfeit" statements explicitly referenced this litigation and the patent infringement claim in connection with the assertion that the accused products were "unauthorized" counterfeits. *See, e.g.,* Appx1063-1064 & PTX 280. Other statements that did not specifically mention the suit still characterized the accused products as "unauthorized" counterfeits. Appx685 & DTX 47; A1065 & DTX 262. *See* 35 U.S.C. § 271(a)("unauthorized" activities are infringing). No evidence characterized the products as "counterfeit" without further qualification. Given Mr. Chua's testimony that Easoon was not implying that the product was anybody's product other than MOSO's product (Appx694, Trial Tr. at 311) (which is the actual definition of a "counterfeit"), the jury's finding cannot be sustained in light of the preemption precedent. The District Court erred in holding otherwise.

J.  MOSO Failed To Prove Damages On Its Defamation Claim

The District Court denied Easoon's motion for JMOL on the purported ground that Easoon had waived its damages challenge to MOSO's defamation claim by not raising it at JMOL. That was error. Easoon's counsel explicitly raised MOSO's failure to prove damages in connection with MOSO's tortious interference with prospective economic advantage claim as well as with MOSO's trade libel claim.

Appx1382.  The preemption issue was an additional reason to grant JMOL to

Easoon, not the only ground asserted.  Having already raised failure of proof on

damages, it was unnecessary for Easoon argue that specifically on the defamation

claim.  Moreover, MOSO did not assert waiver in its opposition to Easoon's post-

trial motion.  D.I. 463.  That constitutes a waiver of any alleged waiver.  *Williams*

*v. Runyon*, 130 F.3d 568, 571-72 (3d Cir. 1997)

This appeal raises a pure legal issue: whether the MOSO entities as

corporate defamation plaintiffs may prevail without a showing of actual economic

loss.  *Bäcker v. Palisades Growth Capital II, L.P.*, 246 A.3d 81, 94 (Del.

2021)("[T]he applicable standard by which the defendants' conduct is to be judged

. . . is a legal question . . . subject to *de novo* review by this Court.").  The answer is

clear: they may not.  MOSO offered no proof of actual damage whatsoever in

support of its defamation claim.  Appx928–929, Trial Tr. at 545 - 546 (Mr. Zaal

could not quantify damages without guessing); Appx1064–1067, Trial Tr. at 681 –

684 (Mr. Kelly claims that damage existed but did not quantify it with any

specificity).  Similarly, MOSO offered no proof of diminution of reputation

whatsoever, particularly in the form of lost profits and/or actual pecuniary loss.

As for-profit corporations, the MOSO entities do not have the same

reputational interests as individuals under the defamation laws.  Under Delaware

law, a defamation plaintiff must prove either "special damages" (actual out of

pocket losses) or "actual damages." In the absence of proof of either type of loss, a

defamation plaintiff may only be awarded nominal damages. *See Preston Hollow*

*Capital LLC v. Nuveen LLC*, 2022 Del. Super. LEXIS 264 at * 9 (Del. Super. Ct.

June 14, 2022).  For example, the *Nuveen* court stated:

> in order for a plaintiff to proceed on defamation per se without proof
> of special damages, plaintiff still must provide evidence of diminution
> in reputation.  The Court finds that defamation per se applies in this
> case. Plaintiff need not prove special damages. However, Plaintiff
> must prove injury to reputation in lieu of special damages. In the
> absence of proof of general damages, nominal damages may be
> awarded.

*Id.* at *9. MOSO has provided no proof of "diminution of reputation" whatsoever.

Mr. Kelly's oral testimony at Appx1064 (Trial Tr. 681) and Appx1066–67 (Trial Tr.

683:12 – 684:7) is the only evidence MOSO proffered as to its damages on the

defamation claim. Put differently, MOSO did not: (1) produce any survey evidence

as to its reputation before and after the counterfeit statement; (2) provide testimony

from any third party as to diminishment of its reputation; (3) produce any expert

testimony as to diminishment of its reputation; and (4) produce any quantification

of lost business caused by the allegedly defamatory statement.

Multiple courts have held that corporate defendants may only prove

"diminution of reputation" by proof of actual pecuniary loss. *See, e.g., CMI, Inc. v.*

*Intoximeters, Inc.*, 918 F. Supp. 1068, 1083 (W.D. Ky. 1995); *Computer Aid, Inc. v.*

*Hewlett-Packard Co.*, 56 F. Supp. 2d 526, 539 (E.D. Pa. 1999).  The rationale

49

underlying these decisions is based on the corporate status of the defamation

plaintiff. As the Court in *Synygy Inc. v. Scott-Levin*, 51 F. Supp. 2d 570, 581 (E.D.

Pa. 1999), stated:

> I have serious reservations about whether the doctrine of defamation
> per se is appropriately applied to corporate entities .... A corporation ...
> cannot be embarrassed or humiliated. A corporation's analogue to
> humiliation would be damage to reputation - an injury that should
> translate into a pecuniary loss. If a corporation cannot point to loss of
> revenues or profits, for what are we compensating it? Should the law
> allow corporations to avoid showing special harm by taking advantage
> of an exception so clearly created to protect individuals? The rule of
> defamation per se as it applies to corporations has outrun its reason.

*Id.*

Even were the Court to hold that a corporate defamation plaintiff could

prove loss of reputation by other means (survey evidence, third-party testimony,

expert testimony), MOSO provided no such proof. Instead, MOSO proffered only

the vague oral testimony of Mr. Kelly. A number of courts have held that the

testimony of the defamed person (in this case, its CEO) is insufficient to establish

loss of reputation. *See, e.g., Ward v. Zelikovsky*, 136 N.J. 516, 540, 643 A.2d 972

(1994); *Rocci v. Macdonald-Cartier*, 323 N.J. Super. 18 at *24 (N.J. Super. Ct. July

6, 1999)( "Awards based on a plaintiff's testimony alone or on "inferred" damages

are unacceptable."). That type of prohibited testimony was the entirety of

"evidence" that MOSO provided on this issue here.

50

K. <u>The District Court Abused Its Discretion Under 35 U.S.C. § 284.</u>

With regard to Easoon's § 284 motion, the District Court erred by not increasing the damages by more than 50% by incorrectly weighing the *Read* factors in arriving at its determination.  In particular, the District Court did not evaluate the "closeness of the case."  Rather, the District Court held that this factor related to MOSO's conduct in the litigation.  That constitutes error.  MOSO has not appealed any substantive patent issue that it took to trial (infringement, obviousness, enablement and indefiniteness).  That is compelling evidence regarding how baseless MOSO's defenses were.  Second, the District Court held that the fact that several of MOSO's defenses made it to trial and were not challenged by Easoon on summary judgment "arguably weighs in MOSO's to some extent."  Based on this reasoning and the fact that MOSO completely failed to obtain an opinion of counsel on infringement and validity, the District Court held that the second *Read* factor "tilts somewhat in favor of enhancement."  That was error as well because certain issues raised by MOSO were factual in nature and not amenable to summary judgment under Fed. R. Civ. P. Rule 56.  Third, the District Court erred by insufficiently weighing the eighth *Read* factor given Mr. Kelly's personal animosity to Easoon.  Mr. Kelly's conduct was so extreme that MOSO was found to have aided and abetted in his breach of fiduciairy duty (and has not appealed that finding).  In light of these errors, the Court should

vacate and remand this aspect of the District Court's judgment with instructions to increase the amount of the enhancement in light of these factors.

L. <u>The District Court Abused Its Discretion Under 35 U.S.C. § 285</u>

Finally, the District Court erred in denying Easoon's motion under § 285. In making the determination that the case was not "exceptional," the District Court erred in two respects. First, the District Court held that the defenses that MOSO took to trial were not "objectively baseless." That was error. MOSO has not appealed any of its patent defenses it advanced at trial in this appeal. That is compelling evidence that these defenses as presented were baseless. Second, the District Court did not consider evidence of "motivation, compensation and deterrence" in its ruling. Consideration of those factors is mandated by the Supreme Court's decision in *Octane Fitness, LLC v ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 & n.6 (2014). For example, the District Court considered Mr. Kelly's motivation in the enhancement of damages under § 284, but did not consider it in the "exceptional case" ruling under § 285. That constitutes error and, as a result, is an abuse of discretion. *In re Rembrandt Techs. LP Pat. Litig.*, 899 F.3d 1254, 1266 (Fed. Cir. 2018)(a decision based on an error of law constitutes an abuse of discretion).

In light of these errors, the Court should reverse the District Court's denial of the exceptional case motion and remand to allow the District Court to award Easoon its attorney's fees.

# VII.   CONCLUSION

For the reasons set forth, Appellees Dasso and Easoon respectfully request that the judgment be affirmed with respect to all issues on which MOSO has appealed. Cross-Appellant Easoon respectfully requests that the District Court's judgment be: reversed to the extent that it held that MOSO's DDTPA and defamation claims are not preempted by federal patent law; reversed regarding the award of damages to MOSO on its defamation claim or, in the alternative, remanding for a remittitur of the damages; vacating and remanding the award of the 50% damages enhancement under 35 U.S.C. § 284 for an increased enhancement; and reversing the finding that the case was not "exceptional" and the denial of attorney's fees and remanding for an award of fees pursuant to 35 U.S.C. § 285.

Respectfully submitted,

**O'KELLY & O'ROURKE, LLC**

*/s/ Gerard M. O'Rourke*
Gerard M. O'Rourke
Sean T. O'Kelly
Dated: March 11, 2024      824 N. Market Street, Suite 1001A
Wilmington, DE 19801
302-778-4000
gorourke@okorlaw.com
sokelly@okorlaw.com
Attorneys for Plaintiffs-Appellees Dasso
International, Inc. and Easoon USA, LLC, and
Cross-Appellant Easoon USA, LLC

**FORM 19. Certificate of Compliance with Type-Volume Limitations**

Form 19
July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS</u>

**Case Number:** <u>24-1135</u>

**Short Case Caption:** <u>Dasso International, Inc. v. MOSO North America, Inc.</u>

> **Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2).

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

☑  the filing has been prepared using a proportionally-spaced typeface and includes <u>13,521</u> words.

☐  the filing has been prepared using a monospaced typeface and includes _____ lines of text.

☐  the filing contains _____ pages / _____ words / _____ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. _____).

Date: <u>03/11/2024</u>

Signature: <u>/s/ Gerard M. O'Rourke</u>

Name: <u>Gerard M. O'Rourke</u>

Save for Filing